# Exhibit A
## (1 OF 7)
## to Notice of Removal
## (Summons & Complaint)

| | SUM-100 |
|---|---|
| **SUMMONS** <br> **(CITACION JUDICIAL)** <br> NOTICE TO DEFENDANT: AMERICAN ~~INTERNATIONAL~~ INTERNATIONAL GROUP, <br> (AVISO AL DEMANDADO): INC.; LEXINGTON INSURANCE <br> COMPANY; and, DOES 1-100 | **FOR COURT USE ONLY** <br> **(SOLO PARA USO DE LA CORTE)** <br> CONFORMED COPY <br> ORIGINAL FILED <br> Superior Court of California <br> County of Los Angeles <br> **JUL 29 2019** <br> Sherri R. Carter, Executive Officer/Clerk of Court <br> By_____, Deputy <br> Steven Drew |
| YOU ARE BEING SUED BY PLAINTIFF: MAISON D'ARTISTE, <br> (LO ESTÁ DEMANDANDO EL DEMANDANTE): individually and on <br> behalf of other persons similarly situated | |

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| The name and address of the court is: <br> (El nombre y dirección de la corte es): <br> SUPERIOR COURT OF THE STATE OF CALIFORNIA <br> 111 North Hill Street <br> Los Angeles, CA 90012-3117 | CASE NUMBER: <br> (Número del Caso): **19STCV26391** |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
Evan Selik (Bar No. 251039)/Christine C. Zaouk (Bar No. 251355)    213-225-6150
McCATHERN LLP
523 West Sixth Street
Los Angeles, CA 90014

DATE: JUL 29 2019    Clerk, by STEVEN DREW, Deputy
(Fecha)    Sherri R. Carter, Clerk    (Secretario)    (Adjunto)

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).

NOTICE TO THE PERSON SERVED: You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of (specify):
3. [✓] on behalf of (specify): Lexington Insurance _____
   under: [✓] CCP 416.10 (corporation)     [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation)     [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership)     [ ] CCP 416.90 (authorized person)
          [ ] other (specify):
4. [ ] by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

SUMMONS

Code of Civil Procedure §§ 412.20, 465

Legal Solutions by Plus

```
 1 │ Evan Selik (SBN 251039)                          CONFORMED COPY
   │ Christine Zaouk (SBN 251355)                     ORIGINAL FILED
 2 │ McCATHERN LLP                                    Superior Court of California
   │ 523 West Sixth Street, Suite 830                 County of Los Angeles
 3 │ Los Angeles, California 90014                    JUL 29 2019
 4 │ (213) 225-6150 / Fax (213) 225-6151              Sherri R. Carter, Executive Officer/Clerk of Court
   │ eselik@mccathernlaw.com                          By_____, Deputy
 5 │ czaouk@mccathernlaw.com                              Steven Drew

 6 │ Sahag Majarian, II, (SBN 146621)
   │ LAW OFFICES OF SAHAG MAJARIAN II
 7 │ 18250 Ventura Boulevard
   │ Tarzana, CA 91356
 8 │ Tel:  (818) 609-0807
   │ Fax:  (818) 609-0892
 9 │ sahagii@aol.com

10 │
   │ Attorneys for Plaintiff,
11 │ MAISON D'ARTISTE

12 │          SUPERIOR COURT OF THE STATE OF CALIFORNIA
13 │                     COUNTY OF LOS ANGELES
14 │
15 │ MAISON D'ARTISTE, individually and on  )  CASE NO.  19STCV26391
16 │ behalf of other persons similarly situated,  )
   │                                              )  CLASS ACTION
17 │                Plaintiff,                    )  COMPLAINT
18 │        vs.                                   )  1.  UNFAIR COMPETITION (Bus. &
   │                                              )      Prof. Code, §§17200 et seq.)
19 │ AMERICAN INTERNATIONAL GROUP,                )
20 │ INC.; LEXINGTON INSURANCE                    )  2.  DECLARATORY RELIEF
   │ COMPANY; and DOES 1-100                      )
21 │                                              )  DEMAND FOR JURY TRIAL
   │                Defendants.                   )
22 │                                              )

23 │     Plaintiff, MAISON D'ARTISTE ("Plaintiff") on behalf of himself, and all others similarly
24 │ situated, complains and alleges as follows:
25 │
26 │ ///
27 │ ///
28 │
                                              1                              COMPLAINT
```

## INTRODUCTION

1. This is a class action lawsuit under California Code of Civil Procedure §382, seeking declaratory relief, restitution under the Business & Professions Code §§17200 *et seq.* for deceptive acts or practices by Defendants, injunctive relief and other equitable relief, reasonable attorneys' fees and costs, brought on behalf of Plaintiff and others similarly situated.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action under Article 6 of the California Constitution and California Code of Civil Procedure §410.10.

3. This Court has jurisdiction over Plaintiff's and Class Members' claims for declaratory relief under California Code of Civil Procedure §1060.

4. This Court has jurisdiction over Plaintiff's and the Class Members' claims for injunctive relief, and from Defendant's unlawful and/or unfair business practices under Business & Professions Code §§17200 *et seq.*

5. Venue is proper in this judicial district, pursuant to California Code of Civil Procedure §395.5 because it is where Defendants' principal place of business is situated

## PARTIES

6. Plaintiff is, and at all relevant times was, a California resident. Within the statute of limitations for the claims made herein, Plaintiff experienced Defendants' unlawful and deceptive acts and practices.

7. Plaintiff appear in this action on behalf of himself and on behalf of all others similarly situated.

8. Defendants, American International Group, Inc. and Lexington Insurance Company (hereinafter "AIG-Lexington Insurance") is a California insurance company and engages in the insurance business throughout California.

McCATHERN LLP
523 West Sixth Street, Suite 830
Los Angeles, CA 90014
(213) 225-6150

2

COMPLAINT

9. Plaintiff is informed that AIG-Lexington Insurance was the insurer under the same insurance policy.

10. Plaintiff is informed an believes that DOES 1 through 100 are corporations, individuals, limited liability partnerships, limited liability companies, general partnerships, sole proprietorships or are other business entities or organizations of a nature not currently known to Plaintiff.

11. Plaintiff is unaware of the true names of Defendants DOES 1 through 100. Plaintiff sues said defendants by said fictitious name, and will amend this complaint when the true names and capacities are ascertained or when such facts pertaining to liability are ascertained, or as permitted by law or by the Court. Plaintiff is informed and believe that each of the fictitiously named Defendants is in some manner responsible for the events and allegations set forth in this Complaint.

12. Plaintiff is informed and believes, and based thereon alleges that at all relevant times, each Defendant was an employer, was the principal, agent, partner, joint venture, officer, director, controlling shareholder, subsidiary affiliate, parent corporation, successor in interest and/or predecessor in interest of some or all of the other Defendants, and was engaged with some or all of the other Defendants in a joint enterprise for profit and bore such other relationships to some or all of the other Defendants so as to be liable for their conduct with respect to the matters alleged in this complaint. Plaintiffs are further informed and believe and thereon allege that each Defendant acted pursuant to and within the scope of the relationships alleged above, and that at all relevant times, each Defendant knew or should have known about, authorized, ratified, adopted, approved, controlled, aided and abetted the conduct of all other Defendants. As used in this Complaint "Defendant" means "Defendants and each of them," and refers to the Defendants named in the particular cause of action and DOES 1 through 100.

13. At all times mentioned herein, each Defendant was the co-conspirator, agent, servant, employee, and/or joint venture of each of the other Defendants and was acting within the course and scope of said conspiracy, agency, employment, and/or joint venture and with the permission and consent and knowledge of each of the other Defendants.

## FACTS COMMON TO ALL CAUSES OF ACTION

14. AIG-Lexington Insurance operates in Los Angeles County California.

15. At times during the liability period, AIG-Lexington Insurance insured homeowners like Plaintiff in California and adjusted claims arising from covered insurance losses, like the losses incurred by Plaintiff.

16. On November 8, 2018, Plaintiff suffered what was determined by Defendants to be a covered homeowner's loss.

17. Defendants and Plaintiff eventually agreed on a scope and repair cost of the loss, and Defendants paid Plaintiff based on the agreed to scope.

18. However, Defendants depreciated sales tax on materials used in repair of Plaintiff's property on the homeowner's claim and withheld profit and overhead on the claim until it was incurred.

19. Defendants did not cite to any insurance contract provision as the basis for depreciating sales of material used to repair the property or withholding profit and overhead on the claim until it was incurred, nor did they cite any regulation of law for such refusal.

20. Defendants' position with respect to failing to depreciating sales tax on material used to repair the property and withholding profit and overhead on the claim until it was incurred violates the California Insurance Regulations governing the handling of insurance claims.

21. As a result of this conduct, AIG-Lexington Insurance has profited from retaining the

4          COMPLAINT

money it owed to every person who, like Plaintiff, did not receive the cost of material used to repair the insureds property and from withholding profit and overhead on the claim until it was incurred.

## CLASS DEFINITIONS AND CLASS ALLEGATIONS

22. Plaintiff brings this action on behalf of himself and on behalf of all other similarly situated persons as a class action pursuant to Code of Civil Procedure §382. The members of the Class are defined as follows:

> **Depreciated Sales Tax Class:** All AIG-Lexington Insurance policyholders who made a claim for damages to their real property within the last four (4) years where AIG-Lexington Insurance depreciated sales tax on materials.
>
> **Profit and Overhead Class:** All AIG-Lexington Insurance policyholders who made a claim for damage to their real property within the last 4 years where AIG-Lexington Insurance provided money to policyholders but did not pay profit and overhead until and/or unless it was incurred.

23. This action has been brought and may be properly maintained as a class action pursuant to the provisions of California Code of Civil Procedure §382 and other applicable law.

24. <u>Numerosity of the Classes</u>: Members of the Classes are so numerous that their individual joinder is impracticable. Plaintiffs estimate that there are no less than 1,000 persons in the identified classes. The precise number of Class members and their addresses are unknown to Plaintiff. However, Plaintiff is informed and believes that the number can be obtained from Defendants' insurance claims records. Class members may be notified of the pendency of this action by conventional mail, electronic mail, the Internet, or published notice.

25. <u>Existence of Predominance of Common Questions of Fact and Law</u>: Common questions of law and fact exist as to all members of the Class. These questions predominate over any questions effecting only individual members of the class. These common factual and legal questions include:

McCATHERN LLP
523 West Sixth Street, Suite 830
Los Angeles, CA 90014
(213) 225-6150

(a) Whether AIG-Lexington Insurance's depreciation of sales tax on materials violates California's insurance regulations;

(b) Whether AIG-Lexington Insurance's refusal to pay profit and overhead until and unless incurred violates California's insurance regulations;

(c) Whether Farmers Insurance's depreciation of sales tax on materials resulted in a windfall profits that Defendants were not entitled;

(d) Whether AIG-Lexington Insurance's refusal to pay profit and overhead until and unless incurred resulted in windfall profits that Defendants were not entitled;

(e) Whether AIG-Lexington Insurance committed unlawful business practices or acts within the meaning of Business & Professions Code §§17200 *et seq.*;

(f) Whether AIG-Lexington Insurance raise any affirmative defenses that are universal in application.

26. **Typicality**: Plaintiff's claims are typical of the claims of the members of the respective Classes because Plaintiff, as a AIG-Lexington Insurance insured who suffered losses were entitled to the full sales tax without depreciation but were denied because Defendants depreciated the sales tax on materials. Plaintiff sustained the same types of injuries and losses that the Class members sustained. Plaintiff is subject to the same affirmative defenses as the members of the class.

27. **Adequacy**: Plaintiff will adequately and fairly protect the interests of the members each of the Class. Plaintiff has no interest adverse to the interests of absent Class members. Plaintiff is represented by legal counsel who has substantial class action experience in civil litigation.

28. **Superiority**: A class action is superior to other available means for fair and efficient adjudication of the claims of the Class and would be beneficial for the parties and the court. Class

action treatment will allow a large number of similarly situated persons to prosecute their common claims in a single forum, simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would require. The monetary amounts due to many individual class members are likely to be relatively small, and the burden and expense of individual litigation would make it difficult or impossible for individual members of each Class to seek and obtain relief. A class action will serve an important public interest by permitting such individuals to effectively pursue recovery of the sums owed to them. Further, class litigation prevents the potential for inconsistent or contradictory judgments raised by individual litigation.

## FIRST CAUSE OF ACTION
## UNFAIR COMPETITION
(By Plaintiff, the Depreciated Sales Tax Class and the Profit and Overhead Class against all Defendants)

29. Plaintiff incorporates paragraphs 1 through 28 of this complaint as though fully alleged herein.

30. This cause of action is brought pursuant to the Unfair Competition Law of the Business & Professions Code §§17200 *et seq*. Defendants' conduct constitutes unfair, unlawful and/or fraudulent business practices within the meaning of Business & Professions Code §17200.

31. Plaintiff brings this cause of action on behalf of the general public solely in their capacities as private attorneys general pursuant to Business & Professions Code §17204.

32. Defendants operate a California domiciled and incorporated insurance company. At times during the liability period, Defendants operated an insurance company which wrote homeowner's insurance coverage and sold such coverage to the general public.

33. At all times during the liability period when Defendants' insureds' suffered what Defendants determined to be covered insurance losses and Defendants agreed to the scope and cost of repair, Defendant withheld money from its insureds and Plaintiff by depreciating the sales tax of materials for the repair and by withholding profit and overhead unless and/or until it was incurred.

7

COMPLAINT

34. At all times during the liability period, Plaintiff and others similarly situated were victims of the practice of Defendants wherein Defendants depreciated sales tax on materials for the repair and withheld profit and overhead unless and until it was incurred.

35. During the liability period, Defendants failed to pay to Plaintiff and all other members of the putative class the proper amount of money owed for their losses because it depreciated sales tax from materials used in repair and withheld profit and overhead until it was incurred.

36. By saving money from the above referenced practices thus and paying less for property damage than is reasonable, Defendants are unfairly making more money.

37. At all times during the liability period, Plaintiff and those other similarly situated were not provided reimbursement for the depreciated sales tax on material withheld from Plaintiff and those members of the putative class, nor was Plaintiff or those similarly situated were provided reimbursement for overhead and profit or the interest on the overhead and profit once it was actually paid.

## SECOND CAUSE OF ACTION
## DECLARATORY RELIEF
(By Plaintiff, the Depreciated Sales Tax Class and the Profit and Overhead Class against all Defendants)

38. Plaintiff incorporates paragraphs 1 through 37 of this complaint as though fully alleged herein.

39. A dispute has arisen between Plaintiff and Defendants as to whether the California Insurance Code, Insurance Regulations and California law thereunder prohibit AIG-Lexington Insurance from depreciating sales tax from materials used for repair and from withholding profit and overheard until it is incurred.

40. Plaintiff on behalf of himself and all other similarly situated individuals, seek declaratory relief from this Court or in the form of an order that defines the respective rights and

duties of Plaintiff and the Class, on the one hand, and Defendants, on the other, under California statutes and regulations governing insurance claims.

41. Further, Plaintiff seeks an order that Defendants' practice of depreciating sales tax on materials used in repair and withholding profit and overhead until it is incurred violates California law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff on behalf of himself and all others similarly situated, pray for relief and judgment against Defendants as follows:

1. That this action be certified as a class action pursuant to Code of Civil Procedure §382;

2. That pursuant to Business & Professions Code §17204, Defendants, its officers, directors, principals, assignees, successors, agents, representatives, employees, subsidiaries, affiliates, and all persons, corporations and other entities acting by, through, under, or on behalf of said defendant, or acting in concert or participation with it, be permanently enjoined from directly or indirectly committing any violations of Business and Professions Code §§17200 *et seq.*, including, but not limited to, the violations alleged in this complaint;

3. Ordering the disgorgement of all sums unjustly obtained from Plaintiff, the members of the Class and the public;

4. Ordering Defendant to make restitution to Plaintiff, the members of the Class and the public if it is found the practices are illegal;

5. An order granting the declaratory relief sought in the second cause of action for Plaintiff and each member of the Class;

6. Awarding prejudgment and post-judgment interest at the maximum legal rate;

7. Awarding attorneys' fees according to proof;

8. Awarding costs of suit herein; and

9. All such other and further relief as the Court deems just.

Date: July 26, 2019

Respectfully Submitted,

McCATHERN LLP

By: _____
EVAN SELIK
Attorney for Plaintiffs,
MAISON D'ARTISTE, individually and on behalf of other persons similarly situated

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury for himself and the Classes on all claims so triable.

Date: July 26, 2019

Respectfully Submitted,

McCATHERN LLP

By: _____
EVAN SELIK
Attorney for Plaintiffs,
MAISON D'ARTISTE, individually and on behalf of other persons similarly situated

McCATHERN LLP
523 West Sixth Street, Suite 830
Los Angeles, CA 90014
(213) 225-6150

11

COMPLAINT