UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:19-cv-07574-SVW-E | Date | 1/23/2020 |
| Title | *Maison D Artiste v. American International Group, Inc. et al* | | |

Present: The Honorable  STEPHEN V. WILSON, U.S. DISTRICT JUDGE

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings:**   ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS AND MOTION TO STRIKE [18], [19]

### I.  Introduction and Procedural Background

Plaintiff Maison D'Artiste ("Plaintiff") initially filed this putative class action in California state court on July 29, 2019, against Defendants American International Group Inc. and Lexington Insurance Company ("Defendants"). Dkt. 1-1. Plaintiff's state court complaint seeks relief under California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 *et seq.*, and declaratory relief. *Id.* at 7-8. On August 30, 2019, Defendant removed this case to federal court. Dkt. 1.

Following a status conference held on Oct. 7, 2019, the Court ordered Plaintiff to file a Bill of Particulars providing additional detail regarding the factual allegations contained in Plaintiff's state court complaint.[1] Dkt. 21. Plaintiff filed such a Bill, Dkt. 23, and Defendant filed both a motion to dismiss and motion to strike shortly before the Bill of Particulars was filed. Dkt. 18; Dkt. 19.

### II.  Factual Background

---

[1] Although titled a Bill of Particulars, the Court treats it as a Motion for a More Definite Statement under Fed. R. Civ. P. 12(e) for the purposes of this motion, and assumes the factual allegations contained within it to be true for the purposes of this motion.

: 
Initials of Preparer
PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-07574-SVW-E | Date | 1/23/2020 |
|---|---|---|---|
| Title | *Maison D Artiste v. American International Group, Inc. et al* | | |

    Plaintiff's Complaint and Bill of Particulars allege that Plaintiff's home was insured by Defendant, and on Nov. 8, 2018 he suffered a loss that Defendant determined to be covered by this insurance. Dkt. 1-1 at 4. Plaintiff then alleges that after the parties agreed on the scope and repair cost of the loss, Defendants paid Plaintiff based on that scope, but that the payments made improperly depreciated both the sales tax on materials used to repair Plaintiff's property and alleges that Defendant withheld profit and overhead from these insurance payments.[2] *Id.* In Defendant's Bill of Particulars, he asserts in more detail that both the sales tax and overhead and profit were improperly depreciated in the payments made to Plaintiff. Dkt. 23 at 2-4. Plaintiff also alleges that the depreciation of payments for sales tax, overhead, and profit is improper given that Cal. Ins. Code § 2051 and Cal. Code Regs. tit. 10, § 2695.9 allegedly prohibit such depreciation when applied to certain types of property insurance benefit payments. *Id.* at 5.

    Plaintiff's Complaint includes no claim for breach of contract, nor does he allege that Defendant's depreciation of sales tax, overhead, and profit violated any provision of the insurance contract. *See generally*, Dkt. 1-1, Dkt. 23. Plaintiff's Prayer for Relief seeks restitution, disgorgement of sums unjustly obtained, declaratory relief, and injunctive relief. Dkt. 1-1 at 9.

### III. Legal Standard

    A motion to dismiss under Rule 12(b)(6) challenges the legal sufficiency of the claims stated in the complaint. *See* Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, the plaintiff's complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A complaint that offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.*; *see also Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th

---

[2] Plaintiff asserted at the Oct. 7, 2019 hearing in this case that "overhead" when used in the homeowner's insurance context refers to the estimated labor costs incurred by a contractor to perform the work required to replace a portion of a structure, and "profit" refers to the contractor's additional profit above the costs of labor and materials. These definitions are undisputed by the parties.

|  | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-07574-SVW-E | Date | 1/23/2020 |
|---|---|---|---|
| Title | *Maison D Artiste v. American International Group, Inc. et al* | | |

Cir. 2009) (citing *Iqbal*, 556 U.S. at 678).

In reviewing a Rule 12(b)(6) motion, a court "must accept as true all factual allegations in the complaint and draw all reasonable inferences in favor of the nonmoving party." *Retail Prop. Trust v. United Bhd. of Carpenters & Joiners of Am.*, 768 F.3d 938, 945 (9th Cir. 2014). Thus, "[w]hile legal conclusions can provide the complaint's framework, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. When evaluating the sufficiency of a pleading under Fed. R. Civ. P. 12(b)(6), a court may consider only the allegations in the complaint and any attachments or documents incorporated by reference. *Koala v. Khosla*, 931 F.3d 887, 894 (9th Cir. 2019); s*ee also United States v. Ritchie*, 342 F.3d 903, 907–08 (9th Cir. 2003).

A motion to strike pursuant to Rule 12(f) allows a court to strike "from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial[.]" *Whittlestone, Inc. v. Handi-Craft, Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (quoting *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993).

### IV. Analysis

Both Defendant's motion to dismiss and motion to strike dispute whether Plaintiff can adequately state a claim under the UCL. Defendants argues (1) that Plaintiff fails to allege a violation of the UCL, that (2) Plaintiff is foreclosed from seeking either injunctive or restitutionary relief, the sole remedies provided by the UCL, and (3) that the declaratory relief Plaintiff seeks is inappropriate given the facts alleged. Dkt. 18 at 3-6; Dkt. 19 at 3-7.

    a. *Defendant's Motion to Strike*

None of the factual allegations or causes of action contained in Plaintiff's complaint can plausibly be described as "(1) an insufficient defense; (2) redundant; (3) immaterial; (4) impertinent; or (5) scandalous." *Whittlestone*, 618 F.3d at 973-75. Accordingly, given the Ninth Circuit's demanding

                                          :

Initials of Preparer      PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-07574-SVW-E | Date | 1/23/2020 |
|---|---|---|---|
| Title | *Maison D Artiste v. American International Group, Inc. et al* | | |

standard for motions to strike, Defendant's motion is DENIED in its entirety. *Id.* at 974 (finding use of Rule 12(f) to strike a claim the district court found to be precluded as a matter of law to constitute legal error).

  b. Whether Plaintiff has stated a claim under the UCL.

  The UCL prohibits any "unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. "Because the statute is written in the disjunctive, it is violated where a defendant's act or practice violates any of the foregoing prongs." *Davis v. HSBC Bank Nevada, N.A*, 691 F.3d 1152, 1168 (9th Cir. 2012). "Unfair competition" under Section 17200 has been defined to include "anything that can properly be called a business practice and that at the same time is forbidden by law." *Chabner v. United of Omaha Life Ins. Co.*, 225 F.3d 1042, 1048 (9th Cir. 2000) (internal quotation marks and citations omitted).

  Under the "unlawful prong" of Section 17200, a specific activity is not proscribed, rather it, "borrows violations of other laws and treats them as unlawful practices that the [UCL] makes independently actionable." *Id.* at 1048. Here, Plaintiff asserts in his Complaint that Defendant's depreciation of sales tax "violated[d] California Insurance Regulations", and in his Bill of Particulars additionally asserts that Defendant's depreciation of sales tax, overhead, and profit violates Cal. Ins. Code § 2051 and Cal. Code Regs. tit. 10, § 2695.9. Dkt. 1-1 at 4, Dkt. 23 at 5. Accordingly, the Court considers only whether Plaintiff has adequately stated a claim under the "unlawful prong." *Chabner*, 225 F.3d at 1048.

    i. <u>Cal Ins. Code § 2051 and Cal. Code of Regulation Title 10 § 2695.9.</u>

Cal. Ins. Code § 2051 ("the Statute") reads in its entirety as follows:

(a) Under an open policy, the measure of indemnity in fire insurance is the expense to the insured of replacing the thing lost or injured in its condition at the time of the injury, the expense being computed as of the time of the commencement of the fire.
(b) Under an open policy that requires payment of actual cash value, the measure of the actual cash value recovery, in whole or partial settlement of the claim, shall be

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-07574-SVW-E | Date | 1/23/2020 |
|---|---|---|---|
| Title | *Maison D Artiste v. American International Group, Inc. et al* | | |

determined as follows:
> (1) In case of total loss to the structure, the policy limit or the fair market value of the structure, whichever is less.
> (2) In case of a partial loss to the structure, or loss to its contents, the amount it would cost the insured to repair, rebuild, or replace the thing lost or injured less a fair and reasonable deduction for physical depreciation based upon its condition at the time of the injury or the policy limit, whichever is less. In case of a partial loss to the structure, a **deduction for physical depreciation shall apply only to components of a structure that are normally subject to repair and replacement during the useful life of that structure**.

*Id.* (emphasis added). A related regulation titled "Additional Standards Applicable to First Party Residential and Commercial Property Insurance Policies" adds specificity, stating that:

> (1) Under a policy, subject to California Insurance Code Section 2071, where the insurer is required to pay the expense of repairing, rebuilding or replacing the property destroyed or damaged with other of like kind and quality, the measure of recovery is determined by the actual cash value of the damaged or destroyed property, as set forth in California Insurance Code Section 2051. **Except for the intrinsic labor costs that are included in the cost of manufactured materials or goods, the expense of labor necessary to repair, rebuild or replace covered property is not a component of physical depreciation** and shall not be subject to depreciation or betterment.

Cal. Code Regs. tit. 10, § 2695.9. (emphasis added).

A plain reading of both the statute and the regulation appears to indicate that any actual cash value payment made under a property insurance policy should not depreciate labor costs, or other expenses that are "not a component of physical depreciation"— as sales tax, overhead, and profit all appear to be. Neither party has cited to the (limited) caselaw discussing the application of these statutes, or what constitutes a violation. *See Johnson v. Hartford Cas. Ins. Co.*, 2017 WL 2224828, at *7 (N.D. Cal. May 22, 2017) (determining that sales tax is distinct from physical items for the purposes of Section 2051 in the context of a summary judgment motion). Defendants argue that both the Regulation and

| | : | |
|---|---|---|
| | Initials of Preparer | |
| | PMC | |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-07574-SVW-E | Date | 1/23/2020 |
|---|---|---|---|
| Title | *Maison D Artiste v. American International Group, Inc. et al* | | |

Statute do not make it unlawful to depreciate these items, and that they expressly allow depreciated claim payments prior to repair or replacement. Dkt. 26 at 4. The Court disagrees with this reading of the statute on its face and concludes at this early stage that Plaintiff's factual allegations make it plausible that Defendant's alleged conduct was "unlawful" for the purposes of the UCL.

       ii.    Whether Plaintiff's claims are "on the contract".

Defendants also argue that Plaintiff's claims are fundamentally "on the contract," and cites to a variety of California state appellate and federal district court cases dismissing UCL claims deemed a "transparent attempt to recover on the policy." *See Abari v. State Farm Fire & Cas. Co.*, 252 Cal. Rptr. 565, 568 (Ct. App. 1988); *Stewart v. Life Ins. Co. of N. Am.*, 388 F. Supp. 2d 1138, 1144 (E.D. Cal. 2005) ("A breach of insurance contract, in a case where payment of premiums ceased over three years before coverage was claimed, does not rise to the level of unfair, unlawful, or fraudulent conduct."); *Allstate Ins. Co. v. Barnett*, 2011 WL 2415383, at *9 (N.D. Cal. June 15, 2011).

But Plaintiff's Complaint includes no claim for breach of contract and his Opposition repeatedly asserts that these claims are being brought on behalf of himself and a putative class without regard to whether Defendants' decision to depreciate sales tax and labor costs in actual cash value insurance payments. *See generally* Dkt. 1-1; Dkt. 22 at 7-8 ("Plaintiff has no clue if the alleged deceptive practice . . . is in the insurance policy or not."). Nor has Plaintiff disputed Defendants' assertion that their actions are indeed permitted under his insurance contract.; Dkt. 26 at 1 ("Plaintiff's insurance policy is before the Court, and expressly provides that property claims will be paid on an 'actual cash value' basis until damaged property is repaired or replaced.").

The gravamen of Plaintiff's complaint is that regardless of what was specified in the insurance contract itself, Defendant engaged in a practice prohibited by California law, and Plaintiff now seeks relief on behalf of himself and a putative class under the UCL. Additionally, because neither party appears to dispute that Defendant did not breach the terms of the insurance contract between the parties, Plaintiff has no "adequate remedy at law" in the form of a breach of contract claim and damages that could otherwise preclude relief under the UCL. *See Philips v. Ford Motor Co.*, 2015 WL 4111448, at *16 (N.D. Cal. July 7, 2015) ("Statutory relief under the UCL is subject to fundamental equitable principles, including inadequacy of the legal remedy.") (internal quotations omitted); *Peacock v. 21st*

|  | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-07574-SVW-E | Date | 1/23/2020 |
|---|---|---|---|
| Title | *Maison D Artiste v. American International Group, Inc. et al* | | |

*Amendment Brewery Cafe, LLC*, 2018 WL 452153, at *9 (N.D. Cal. Jan. 17, 2018) (finding the dismissal of a statutory claim for damages sufficient to establish that no adequate remedy at law existed).

      c.  *Whether Plaintiff has stated a claim for restitution under the UCL.*

Defendant also argues that because the UCL provides solely for injunctive relief or restitution, Plaintiff's Complaint must be dismissed because there is no factual basis for either form of relief. Dkt. 18 at 4. "Under the UCL, an individual may recover profits unfairly obtained to the extent that these profits represent monies given to the defendant or benefits in which the plaintiff has an ownership interest." *Korea Supply Co. v. Lockheed Martin Corp.*, 63 P.3d 937, 947 (Cal. 2003). California federal district courts have generally denied UCL claims when plaintiffs seek benefits allegedly withheld under an insurance contract. *See Stars & Bars, LLC v. Travelers Cas. Ins. Co. of Am.*, 2016 WL 9414093, at *2-3 (C.D. Cal. Oct. 6, 2016) (plaintiff did not seek restitution in the complaint and alleged legally compensable damages, including unpaid policy benefits); *McAdam v. State Nat. Ins. Co.*, 2012 WL 4364655, at *2 (S.D. Cal. Sept. 24, 2012) (Plaintiff pled a claim for restitution but also included a breach of contract claim); *Allstate Ins. Co. v. Barnett*, 2011 WL 2415383, at *9 (N.D. Cal. June 15, 2011) (dismissing UCL claims while noting that an amendment expressly seeking restitution and articulating clear grounds for such a claim would likely survive a motion to dismiss).

Plaintiff's complaint expressly seeks restitution, and specifically alleges that as a result of the unlawful conduct alleged, "AIG-Lexington Insurance has profited from retaining the money it owed to every person" whose insurance payments were improperly depreciated by Defendants. Dkt. 1-1 at 4-5, 9. Plaintiff alleges the existence of an insurance contract, which necessarily implies the payment of insurance premiums, and also the existence of "monies given to the defendant." *Korea*, 63 P.3d at 947; Dkt. 1-1 at 4. Permitting a measure of recovery based on any alleged benefits improperly withheld would clearly not be appropriate under the UCL because it would effectively "swallow the rule" that compensatory damages are not available under the UCL. *Stars and Bars*, 2016 WL 9414093, at *3 (citing *Zhang v. Superior Court*, 304 P.3d 163, 168 (Cal. 2013)). However, the Court is persuaded that at this preliminary stage Plaintiff has adequately alleged the possibility of restitution and may plausibly demonstrate that a form of restitution based on insurance premiums paid to the Defendants may be appropriate. *See Chowning v. Kohl's Dep't Stores, Inc.*, 733 F. App'x 404, 406 (9th Cir. 2018) ("Under

                                                                                                              :

Initials of Preparer      PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-07574-SVW-E | Date | 1/23/2020 |
|---|---|---|---|
| Title | *Maison D Artiste v. American International Group, Inc. et al* | | |

California law, where a plaintiff obtains value from the product, the proper measure of restitution is [t]he difference between what the plaintiff paid and the value of what the plaintiff received.") (internal quotations omitted).

      d.   *Whether Plaintiff has stated a claim for injunctive relief under the UCL.*

Plaintiff also seeks injunctive relief under the UCL based on the violations alleged in the Complaint. Dkt. 1-1 at 9. Defendant argues that Plaintiff has no entitlement to injunctive relief, because he has not adequately alleged that he is likely to suffer any future injury, and accordingly has no standing to bring a claim either in his individual capacity or on behalf of a putative class. Dkt. 26 at 6.

"[T]o seek injunctive relief, a plaintiff must show that he is under threat of suffering 'injury in fact' that is concrete and particularized ... actual and imminent ... [and] fairly traceable to the challenged action of the defendant." *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009). Further, "it must be likely that a favorable judicial decision will prevent or redress the injury." *Id.* "The use of a class action vehicle to litigate a UCL claim does not expand the substantive remedies available." *Madrid v. Perot Sys. Corp.*, 130 Cal. App. 4th 440, 461 (2005). Classwide injunctive relief is not available "[u]nless the named plaintiffs are themselves entitled to seek injunctive relief." *Hodgers–Durgin v. de la Vina*, 199 F.3d 1037, 1045 (9th Cir. 1999); *see* also *Haley v. Macy's, Inc.*, 263 F. Supp. 3d 819, 824–25 (N.D. Cal. 2017).

Plaintiff has not made any factual allegations showing a likelihood of future injury in either his Complaint or Bill of Particulars. *See generally* Dkt. 1-1, Dkt. 23. Plaintiff's Opposition fails to address these pleading deficiencies, and asserts only vaguely that "irreparable harm" will occur because Plaintiff and class members will not receive benefits they are entitled to, which does not confer standing upon Plaintiff to seek injunctive relief. Dkt. 22 at 6. Accordingly the Court determines that Plaintiff lacks standing to seek this relief and GRANTS Defendants' motion to dismiss with regard to the request for injunctive relief.

      e.   *Whether Plaintiff's declaratory relief should be dismissed.*

Defendant also asserts that Plaintiff's Complaint fails to state a claim for declaratory relief,

| | : | |
|---|---|---|
| | Initials of Preparer | |
| | PMC | |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-07574-SVW-E | Date | 1/23/2020 |
|---|---|---|---|
| Title | *Maison D Artiste v. American International Group, Inc. et al* | | |

arguing that because Plaintiff solely challenges the legality of past conduct (Defendants' depreciation of portions of insurance payments attributable to labor costs, sales tax, and profit), the Court should exercise its discretion to decline jurisdiction over a declaratory judgment claim. Dkt. 18 at 5-6.

A federal court sitting in diversity determines whether to exercise federal jurisdiction over a declaratory relief claim based on federal procedural law. *Golden Eagle Ins. Co. v. Travelers Companies*, 103 F.3d 750, 753 (9th Cir. 1996); *Diversified Capital Investments, Inc. v. Sprint Commc'ns, Inc.*, 2016 WL 2988864, at *9 (N.D. Cal. May 24, 2016). "Declaratory relief should be denied when it will neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties." *United States v. State of Wash.*, 759 F.2d 1353, 1357 (9th Cir. 1985). To that end, district courts in the Ninth Circuit have frequently dismissed declaratory relief claims when adjudication of other claims would resolve the dispute entirely. *See Diversified Capital Investments, Inc. v. Sprint Commc'ns, Inc.*, 2016 WL 2988864, at *9 (N.D. Cal. May 24, 2016); *Mangindin v. Washington Mut. Bank*, 637 F. Supp. 2d 700, 707 (N.D. Cal. 2009).

Here, Plaintiff's theory of the case, as presented in its Complaint and Bill of Particulars, is premised entirely on the assertion that Defendants have violated California law based on the statute and regulation discussed in detail above. Dkt. 1-1, Dkt. 23. A finding of liability on the UCL claim under the "unlawful" prong is the sole plausible cause of action Plaintiff has adequately alleged. Plaintiff's broader request, that the Court issue "an order that defines the respective rights and duties of Plaintiff and the Class, on the one hand, and the Defendants, on the other, under California statutes and regulations governing insurance claims" is overbroad and unsupported by additional factual allegations. The Court determines that it should exercise its discretion to decline jurisdiction over the declaratory relief claim because it is unnecessary to resolve the issues presented by Plaintiff's factual allegations. The Court GRANTS Defendant's motion to dismiss on that cause of action.

### V.    Conclusion

Defendants' motion to dismiss is DENIED on Plaintiff's UCL claim seeking restitution, GRANTED on Plaintiff's cause of action for declaratory relief, and GRANTED on Plaintiff's request for injunctive relief. Defendants' motion to strike is DENIED in its entirety.

|  | : |
|---|---|
| Initials of Preparer | PMC |