1  SONIA MARTIN (State Bar No. 191148)
   DENTONS US LLP
2  One Market Plaza
   Spear Tower, 24th Floor
3  San Francisco, California  94105
   Telephone:      (415) 267-4000
4  Facsimile:  (415) 267-4198
   Email:      sonia.martin@dentons.com
5
   MARK HANOVER (*pro hac vice*)
6  DENTONS US LLP
   233 South Wacker Drive, Suite 5900
7  Chicago, IL 60606
   Telephone:(312) 876-8000
8  Facsimile:      (312) 876-7934
   Email:      mark.hanover@dentons.com
9
   Attorneys for Defendant
10 LEXINGTON INSURANCE COMPANY

11                UNITED STATES DISTRICT COURT

12                CENTRAL DISTRICT OF CALIFORNIA

13

14

15 MAISON D'ARTISTE, Individually and          Case No. 2:19-cv-07574-SVW-E
   on behalf of other persons similarly
16 situated,                                   DEFENDANT LEXINGTON
                                               INSURANCE COMPANY'S:
17                Appellant,
                                               (1)  NOTICE OF MOTION AND
18        vs.                                        MOTION TO DISMISS AND
                                                     STRIKE FIRST AMENDED
19 AMERICAN INTERNATIONAL                            COMPLAINT AS UNTIMELY
   GROUP, INC.; LEXINGTON                            AND FILED WITHOUT LEAVE
20 INSURANCE COMPANY; and DOES 1-                    OF COURT; AND
   100,
21                                             (2)  SUPPORTING MEMORANDUM
                  Trustees.                         OF POINTS AND AUTHORITIES
22
                                               Date:      March 23, 2020
23                                             Time:      1:30 P.M.
                                               Place:     Courtroom 10A
24                                             Before:    Hon. Stephen V. Wilson

25

26

27

28 Case No. 2:19-cv-07574-SVW-E                LEXINGTON'S MOTION TO DISMISS
                                               AND STRIKE FIRST AMENDED COMPLAINT
   114150038\V-3

DENTONS US LLP
ONE MARKET PLAZA, SPEAR TOWER, 24TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105
(415) 267-4000

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## NOTICE OF MOTION AND MOTION

TO PLAINTIFF AND HIS COUNSEL AND TO THE CLERK OF THE COURT:

PLEASE TAKE NOTICE that on March 23, 2020, at 1:30 p.m. or as soon thereafter as counsel may be heard, in the United States District Court for the Central District of California, located at 312 N. Spring Street, Los Angeles, California, Defendant Lexington Insurance Company ("Lexington") will move, and hereby does move, to strike Plaintiff's First Amended Complaint as untimely and filed without leave of Court, pursuant to Federal Rules of Civil Procedure 12(b), 15(a)(1)(B) and (d).  Plaintiff's First Amended Complaint was filed

This motion will be and is based upon this Notice, the following Memorandum of Points and Authorities, all pleadings, records and documents on file herein, and such additional evidence and argument as may be properly introduced in support of the motion.

This motion is made following the conference of counsel pursuant to L.R.7-3, which took place on February 5 and 7, 2020.

Respectfully submitted,

Dated:  February 13, 2020          DENTONS US LLP


By: _____*/s/ Sonia Martin*_____
              SONIA MARTIN

Attorneys for Defendant
LEXINGTON INSURANCE COMPANY

Case No. 2:19-cv-07574-SVW-E

LEXINGTON'S MOTION TO DISMISS
AND STRIKE FIRST AMENDED COMPLAINT

114150038\V-3

1

## **MEMORANDUM OF POINTS AND AUTHORITIES**

2

Pursuant to Federal Rule of Civil Procedure 12(b) and 15(a)(1)(B) and (d),

3

Lexington respectfully requests the Court to dismiss and strike Plaintiff's First Amended

4

Complaint ("FAC") (Dkt. 30) because it was filed without leave of Court and after the

5

time to amend as of right expired.

6

Federal Rule of Civil Procedure 15(a)(1)(B) provides that:

7

(1)  A party may amend its pleading once as a matter of course within:

8

(B)    if the pleading is one to which a responsive pleading is
required, 21 days after service of a responsive pleading or

9

21 days after service of a motion under Rule 12(b), (e), or
(f), whichever is earlier.

10

11

After 21 days has passed, a party may only amend its pleading with the opposing

12

party's written consent or the Court's leave.  Fed. R. Civ. P. 15(a)(1), (a)(2); *Palana v.*

13

*Mission Bay Inc.*, 2016 WL 107487, *2 (N.D. Cal., Jan. 11, 2016); *Solomon v. E-Loan,*

14

*Inc.,* 2010 WL 1854095, at *1 (E.D. Cal. May 6, 2010) (striking untimely amended

15

complaints filed without leave of Court).  Notably, the 21-day periods are not cumulative.

16

Comment to 2009 Amendments to Fed. R. Civ. P. 15 ("The 21-day periods to amend

17

once as a matter of course after service of a responsive pleading or designated motion are

18

not cumulative.  If a responsive pleading is served after one of the designated motions is

19

served, for example, **there is no new 21-day period**.") (emphasis added); *see also* Fed.

20

Civ. Pro. Before Trial, Rutter Cal. Prac. Guide, Ch. 8-F, § 8:1410 (same).  The Court may

21

strike the untimely amendment *sua sponte*.  *Harris v. Harris*, 2011 WL 4455245, at *1

22

(E.D. Cal. Sept. 23, 2011) (striking untimely filed amended complaint *sua sponte*);

23

*Inglesia De Cristo Ministries Llamaba Final Inc. of San Diego v. Hartford Fire Ins. Co.*,

24

2014 WL 12452088, at *1 (S.D. Cal. June 30, 2014) (same).

25

Here, Plaintiff commenced this action in state court on July 29, 2019.  After

26

removing it, Lexington filed its Rule 12(b) motion to dismiss the complaint on October 7,

27

2019.  (Dkt. 18.)  On January 23, 2020, the court granted Lexington's motion to dismiss

28

- 1 -

DENTONS US LLP
ONE MARKET PLAZA, SPEAR TOWER, 24TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105
(415) 267-4000

Case No. 2:19-cv-07574-SVW-E

LEXINGTON'S MOTION TO STRIKE
FIRST AMENDED COMPLAINT

114150038\V-3

DENTONS US LLP
ONE MARKET PLAZA, SPEAR TOWER, 24TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105
(415) 267-4000

1  Plaintiff's claims for injunctive relief and declaratory relief, and did not grant Plaintiff

2  leave to amend.  (Dkt. 29.)  In contravention of that Order, Plaintiff filed a FAC on

3  January 29, 2020 without seeking leave of Court.  (Dkt. 30.)  While the Court's Order did

4  not specify whether dismissal was *with* prejudice or *without* prejudice, there is no

5  question that the Order did not affirmatively grant plaintiff leave to replead—and such

6  leave is required under Fed. R. Civ. P. 15(a).

7  In addition, the FAC purports to assert the exact same claims for declaratory and

8  injunctive relief that the Court previously dismissed as lacking merit.  In its January 23,

9  2020 Order, the Court found the Complaint cannot state claims for injunctive and

10 declaratory relief because, consistent with the arguments more fully set forth in

11 Lexington's motion to dismiss, Plaintiff fails to allege a likelihood of future injury and

12 fails to allege a controversy warranting declaratory relief.  Now, resting on minimal

13 unsupported and conclusory allegations, plaintiff purports to re-plead the injunctive and

14 declaratory relief claims.  But as reflected in the attached redline version of the Amended

15 Complaint, Plaintiff has merely inserted the allegations from his Bill of Particulars into

16 his pleading (which the Court already *expressly considered* in reaching its January 23,

17 2020 Order) and then baldly asserts that he seeks injunctive and declaratory relief to

18 impact hypothetical and unidentified "future claims."  Such minimal cosmetic changes

19 fail to satisfy the inherent pleading deficiencies that prompted the Court to dismiss as a

20 matter of law.

21 Even if it were possible to somehow re-plead the claims that the Court already

22 dismissed, then the purported Amended Complaint on its face contains no material

23 factual additions or revisions that could breathe life into the injunctive / declaratory

24 claims.  The Court already found these claims to be deficient, and any newly-alleged

25 "facts" set forth in the Amended Complaint (of which there are few or none) cannot alter

26 the findings previously reached by the Court.

27

28

- 2 -

Case No. 2:19-cv-07574-SVW-E

LEXINGTON'S MOTION TO STRIKE
FIRST AMENDED COMPLAINT

114150038\V-3

1    In the event Plaintiff does eventually move for leave to amend, then Lexington will

2  oppose, because amendment would be futile according to the reasoning of the Court's

3  Order.  Lexington is prepared to fully set forth arguments on futility, and Lexington

4  reserves all rights and arguments under Federal Rule of Civil Procedure 12(b).

5    In sum, Plaintiff's FAC was untimely, filed without leave of Court, and contrary to

6  the Court's January 23, 2020 Order.  Accordingly, it should be stricken or, alternatively,

7  dismissed.

8                                                    Respectfully submitted,

9  Dated:  February 13, 2020              DENTONS US LLP

10

11

12                                             By:  _____*/s/ Sonia Martin*_____
                                                        SONIA MARTIN

13
                                               Attorneys for Defendant
14                                             LEXINGTON INSURANCE COMPANY

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DENTONS US LLP
ONE MARKET PLAZA, SPEAR TOWER, 24TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105
(415) 267-4000

- 3 -

Case No. 2:19-cv-07574-SVW-E

LEXINGTON'S MOTION TO STRIKE
FIRST AMENDED COMPLAINT

114150038\V-3