1  Evan Selik (SBN 251039)
2  Christine Zaouk (SBN 251355)
   McCATHERN LLP
3  523 West Sixth Street, Suite 830
   Los Angeles, California 90014
4  (213) 225-6150 / Fax (213) 225-6151
5  eselik@mccathernlaw.com
   czaouk@mccathernlaw.com
6

7  Sahag Majarian, II, (SBN 146621)
8  LAW OFFICES OF SAHAG MAJARIAN II
   18250 Ventura Boulevard
9  Tarzana, CA  91356
   Tel:   (818) 609-0807
10 Fax:   (818) 609-0892
11 sahagii@aol.com

12
   Attorneys for Plaintiff,
13 MAISON D'ARTISTE

14           **UNITED STATES DISTRICT COURT**

15           **CENTRAL DISTRICT OF CALIFORNIA**

16

17 MAISON D'ARTISTE, individually      )   CASE NO. 2:19-cv-07574-SVW-E
   and on behalf of other persons similarly )   [Assigned for all purposes to Hon.
18 situated,                           )   Judge Stephen V. Wilson, courtroom
                                       )   10A]
19                                     )
              Plaintiff,               )   **NOTICE OF MOTION AND**
20                                     )   **MOTION FOR CLASS**
21    vs.                              )   **CERTIFICATION;**
                                       )   **MEMORANDUM OF POINTS AND**
22 AMERICAN INTERNATIONAL             )   **AUTHORITIES IN SUPPROT**
   GROUP, INC.; LEXINGTON             )   **THEREOF**
23 INSURANCE COMPANY; and DOES        )
   1-100                              )   **Date: May 11, 2020**
24                                     )   **Time: 1:30 p.m.**
25                                     )   **Dept.: 10A**
              Defendants.              )
26                                     )
27                                     )

28

1                                           **MOTION**

Complaint Filed:  July 29, 2019

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD**:

**PLEASE TAKE NOTICE** that on a May 11, 2020, at 1:30 p.m., in Courtroom 10A of the Court located at 350 W. 1st Street, Los Angeles, California 90012, pursuant to Fed. R. Civ. P. 23, Plaintiff, MAISON D'ARTISTE will, and hereby does, move this Court for an order certifying this matter as a class action and that MAISON D'ARTISTE be deemed a suitable class representative.

Plaintiff seeks certification of the following proposed class:

> **All Lexington Insurance Company policyholders who made a claim for damages to their real property within the last four (4) years where Lexington Insurance Company depreciated sales tax on materials.**

This Motion is based on the following grounds: (1) the proposed class is ascertainable and sufficiently numerous; (2) the proposed class has a well-defined community of interest because there are predominant common questions of law or fact; (3) Plaintiff has claims typical of the proposed class; (4) both Plaintiff, D'Artiste, and Plaintiff's counsel, Evan Selik of McCathern, LLP and Sahag Majarian, II of the Law Office Sahag Majarian, II can and will adequately represent the proposed class; and, (5) the class action device is superior to other methods of adjudication to vindicate the class members' rights in this case.

McCATHERN LLP
523 West Sixth Street, Suite 830
Los Angeles, CA 90014
(213) 225-6150

**MOTION**

This Motion is made based on this Notice of Motion, the accompanying Memorandum of Points and Authorities, the concurrently filed Appendix of Exhibits, the Declarations of Evan Selik, Sahag Majarian, II and Maison D'Artiste, deposition transcripts, Lexington Insurance Company records, and the complete files and records in this Action, and such further evidence and argument as may be heard at the time of the hearing.

Date: March 3, 2020

Respectfully Submitted,

McCATHERN LLP

By: _____
EVAN SELIK
Attorney for Plaintiffs,
MAISON D'ARTISTE, individually
and on behalf of other persons similarly
situated

McCATHERN LLP
523 West Sixth Street, Suite 830
Los Angeles, CA 90014
(213) 225-6150

**MOTION**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

McCATHERN LLP
523 West Sixth Street, Suite 830
Los Angeles, CA 90014
(213) 225-6150

## <u>TABLE OF CONTENTS</u>

Pages

I.    INTRODUCTION ................................................................................1-3

II.   STATEMENT OF THE CASE ...........................................................3-7

      A. Procedural History ..................................................................... 3-4

      B. Lexington Insurance Company has a Policy and Practice of
      Depreciating Sales Tax on all Homeowner's Insurance Claims where
      Coverage Exists ......................................................................... 4-5

      C. Sales Tax is Not a Component of a Structure that is Normally
      Subject to Repair and Replacement During the Useful Life of
      that Structure ............................................................................. 5-7

III.  LEGAL STANDARD GOVERNING CLASS CERTIFICATION..............7-9

IV.   CLASS CERTIFICATION IS PROPER IN THIS CASE ....................... 9-15

      A. Common Questions of Law and Fact Predominate ........................... 9-11

      B. The Class is Sufficiently Numerous ..................................................... 11

      C. Plaintiff's Claims are Typical of the Class ..........................................11-12

      D. Plaintiff and Counsel for Plaintiff will Adequately
      Represent the Class ....................................................................... 13-14

      E. Class Treatment is the Superior Method for Managing
      this Litigation ................................................................................ 14-16

**MOTION**

V.     CONCLUSION ........................................................................................ 16

McCATHERN LLP
523 West Sixth Street, Suite 830
Los Angeles, CA 90014
(213) 225-6150

**MOTION**

# TABLE OF AUTHORITIES

**Page(s)**

## CASES:

*Jefferson Ins. Co. of New York v. Superior Court*
3 Cal.3rd 398, 402 (1974); ......................................................................... 5-6

*Elliano v. Assurance Co. of America,*
3 Cal.App.3rd 446 (1975) ........................................................................... 6

*Comcast Corp. v. Behrend*
569 U.S. 27, 33 (2013) ................................................................................ 7

*Leyva v. Medline Indus. Inc.*
716 F.3d 510, 512 (9th Cir. 2013).............................................................. 7

*Wal-Mart Stores, Inc. v. Dukes*
564 U.S. 338, 350 (2011) ........................................................................... 7

*Zinser v. Accufix Research Inst., Inc.*
253 F.3d 1180, 1186 (9th Cir. 2001) ......................................................... 8

*Sali v. Corona Reg'l Med. Ctr.*
909 F.3d 996, 1003–1004 (9th Cir. 2018) ................................................. 8

*Ellis v. Costco Wholesale Corp.*
657 F.3d 970, 982 (9th Cir. 2011) ............................................................. 9

*General Telephone Co. of Southwest v. Falcon*
457 U.S. 147,157 (1982) ............................................................................ 9

*Martin v. Sysco Corp.*
325 F.R.D. 343, 348 (E.D. Cal. 2018) ....................................................... 11

*Ikonen v. Hartz Mt. Corp.*
122 F.R.D. 258, 262 (S.D. Cal. 1988) ........................................................ 11

McCATHERN LLP
523 West Sixth Street, Suite 830
Los Angeles, CA 90014
(213) 225-6150

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**MOTION**

McCATHERN LLP
523 West Sixth Street, Suite 830
Los Angeles, CA 90014
(213) 225-6150

*Dunakin v. Quigley*
99 F.Supp.3d 1297, 1327 (W.D. Wash. 2015) ............................................. 11

*McGhee v. Bank of America*
60 Cal.App.3d 442, 450-51 (1976) ........................................................ 13

*Miller v. Woods*
148 Cal.App.3d 862, 874 (1983)........................................................... 13

*Vasquez v. Superior Court*
4 Cal.3d 800, 816 (1971) ................................................................. 14

*Lockheed v. Martin Corp. v. Superior Court*
29 Cal.4th 1096 at 1131 (2003) ........................................................... 14

*Blue Chip Stamps v. Superior Court*
18 Cal.3d 381, 385 (1976). ............................................................... 14

*Rosack v. Volvo of Am. Corp.*
131 Cal.App.3d 741, 762 (1982) .......................................................... 16

**STATUTES**

Fed. R. Civ. P. 23 ................................................................... 3, 9, 16

Federal Rule of Civil Procedure 23(a) ...................................................... 7

Fed. R. Civ. P. 23(c)(1)(A) .............................................................. 7, 8

Fed. R. Civ. P. 23(c)(1)(C) ................................................................ 8

Fed. R. Civ. P. 23(a)(3) ................................................................. 11

*California Insurance Code Section 2071* .................................................... 6

*California Insurance Code Section 2051* .................................................... 6

**MOTION**

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Lexington Insurance Company provides homeowner's insurance on real estate. Maison D'Artiste[1] owned and had an insurable interest in a property located at 5842 Deerhead Road, Malibu, California 90265 (the "Property") and was insured by Lexington Insurance Company.  On or about November 8, 2018, the Property was damaged by fire.  Phillipe Naouri, the person who owns Maison D'Artiste, on behalf of Plaintiff made an insurance claim with Lexington Insurance.[2]

Lexington Insurance determined that the loss was covered.  Lexington Insurance and Plaintiff agreed on a scope of repair and cost to repair the damage to the Property.  Lexington Insurance paid Plaintiff based on the agreed to scope of repair.  However, Lexington Insurance depreciated sales tax on materials used in repair of the Property.  In other words, by depreciating sales tax, Lexington Insurance did not pay Plaintiff the full Replacement Cost Value ("RCV") that was due to him. It withheld money owed to Plaintiff.[3]

The following is an example of how Lexington Insurance depreciated sales tax

---

[1] Maison D'Artiste is French for "Artist's House".

[2] ¶8 to Naouri Decl.

[3] ¶9 to Naouri Decl.

McCATHERN LLP
523 West Sixth Street, Suite 830
Los Angeles, CA 90014
(213) 225-6150

**MOTION**

on Plaintiff's claim:

      (a)    Lexington Insurance agree to pay for seal and prime then paint the walls and ceiling of the living room. The area to be painted was 2,046.72 sq. ft. at 0.97 cents per unit price. This totaled $1,985.32. The sales tax was $23.74. The overhead and profit is $401.80. Lexington Insurance took the aggregate ($1,985 + $23.74 + $401.80 = $2,410.86), and depreciated the entire amount by $267.88, leaving $2,142.98 to pay to Plaintiff. As such, Lexington owes $23.74 because sales tax is a non-depreciable item.[4]

Plaintiff alleges that Lexington Insurance violated California law pursuant to Cal. Ins. Code §2051 and Cal. Code of Regulations Title 10 §2695.9 by depreciating sale tax -- a non-depreciable item – thus failing to pay Plaintiff the expense of replacing the thing lost in its condition at the time of the loss. Accordingly, Plaintiff seeks to certify the following class:

> **All Lexington Insurance Company policyholders who made a claim for damages to their real property within the last four (4) years where Lexington Insurance Company depreciated sales tax on materials.**

///

///

----

[4] Exh. 5 and ¶10 to Naouri Decl.

McCATHERN LLP
523 West Sixth Street, Suite 830
Los Angeles, CA 90014
(213) 225-6150

**MOTION**

Certification of the class is appropriate as all of the requirements for certification, pursuant to Fed. R. Civ. P. 23 are satisfied. Plaintiff respectfully requests that this Court certify the class.

## II.   STATEMENT OF THE CASE

### A.   Procedural History

On July 29, 2019, Plaintiff filed this consumer class action against its homeowner's insurance carrier, Lexington Insurance Company. Plaintiff alleges causes of action for Unfair Competition ("UCL") pursuant to California's Business and Professions Code §17200 *et seq.* and declaratory relief.[5] Per the initial Complaint, Plaintiff and the putative class seek restitution, injunctive and declaratory relief. On August 30, 2019, Defendants removed this case to United States District Court for the Central District of California.

On October 7, 2019, Lexington Insurance filed a Motion to Dismiss the Complaint and Motion to Strike the Complaint, which Plaintiff opposed. On December 2, 2019, without oral argument, the Court took the matter under submission. On January 23, 2020, the Court issued its ruling and denied the Motion to Strike in its entirety. As for the Motion to Dismiss, the Court ruled that the under the "unlawful prong" of the UCL, the Motion to Dismiss was denied. Yet, the Court

[5] ¶3 to Selik Decl.

McCATHERN LLP
523 West Sixth Street, Suite 830
Los Angeles, CA 90014
(213) 225-6150

3

**MOTION**

granted the Motion to Dismiss as to Plaintiff's claims for injunctive and declaratory relief.[6]

On January 29, 2020, Plaintiff filed a First Amended Complaint/Motion for Leave to Amend the Complaint. On February 13, 2020, Defendant filed a Motion to Dismiss and Motion to Strike with regard to the Operative Complaint, with a hearing date of March 23, 2020.[7]

**B. Lexington Insurance Company has a Policy and Practice of Depreciating Sales Tax on all Homeowner's Insurance Claims where Coverage Exists**

On October 23, 2019, Plaintiff served requests for admissions to Defendant.[8] On December 13, 2019, Defendant served responses to said requests. Plaintiff asked in request for admission number one for Lexington Insurance to admit that from July 29, 2015 through July 29, 2019, on homeowners' insurance claims in California it depreciated sales tax. Lexington Insurance responded *"Lexington admits that it depreciated the sales tax paid on Plaintiff's individual insurance claim."*[9]

///

---

[6] ¶4 to Selik Decl.
[7] ¶5 to Selik Decl.
[8] Exh. 2 to Selik Decl.
[9] Exh. 3 to Selik Decl.

McCATHERN LLP
523 West Sixth Street, Suite 830
Los Angeles, CA 90014
(213) 225-6150

4

**MOTION**

On January 29, 2020, Plaintiff took the deposition of Defendant's person most knowledgeable on Defendant's policy of depreciating sales tax on homeowner's insurance claims. Defendant produced the Director and Assistant Vice President at AIG Claims Incorporated, Kathleen Spinella, as the person most knowledgeable on this topic[10]. Ms. Spinella confirmed that it is Lexington Insurance's policy and procedure to depreciate sales tax on all homeowner's insurance claims.[11]

Furthermore, pursuant to the deposition notice, Lexington Insurance produced its written policy and directives which stated in bold letters the expectation that each of its adjusters depreciate sales tax on all materials.[12]

**C. Sales Tax is Not a Component of a Structure that is Normally Subject to Repair and Replacement During the Useful Life of that Structure**

When a covered loss occurs that requires repair to the property, Defendant is required to pay its insureds the Actual Cash Value ("ACV"). The California Supreme Court held that the term ACV, as used in Cal. Ins. Code §2071 is synonymous with "fair market value," that is, "the price that a willing buyer would pay to a willing seller, neither being under any compulsion to sell or buy." *Jefferson*

---

[10] Exh. 1 to Selik Decl., Spinella Depo. p. 18:4 – p. 19:2 and p. 11:16-20

[11] Exh. 1 to Selik Decl., Spinella Depo. p. 43:14-18

[12] Exh. 1 and 4 to Selik Decl., Exh. 3 to Spinella Depo. p. 46:6 – 48:5

McCATHERN LLP
523 West Sixth Street, Suite 830
Los Angeles, CA 90014
(213) 225-6150

5

**MOTION**

*Ins. Co. of New York v. Superior Court* 3 Cal.3rd 398, 402 (1974); *Elliano v. Assurance Co. of America,* 3 Cal.App.3rd 446 (1975).

Under an open policy that requires payment of the ACV, the measure of the ACV recovery, in whole or partial settlement of the claim, shall be determined by, in a partial loss to the structure the amount it would cost the insured to repair, rebuild, or replace the thing lost or injured less a fair and reasonable deduction for physical depreciation based upon the condition at the time of the injury or policy limit, whichever is less. Cal. Ins. Code §2051(b)(2). A deduction for physical depreciation shall apply only to components of a structure that are normally subject to repair and replacement during the useful life of that structure. Cal. Ins. Code §2051(b)(2).

In further support of items that should and should not be depreciated, Cal. Code Regs. Tit. 10, §2695.9 states, in pertinent part,

> "*Under an open policy, subject to California Insurance Code Section 2071, where the insurer is required to pay the expense of repairing, rebuilding or replacing the property destroyed or damaged with other of like kind and quality, the measure of recovery is determined by the actual cash value of the damaged or destroyed property, as set forth in California Insurance Code Section 2051. Except for the intrinsic labor costs that are included in the cost of manufactured materials or goods, the expense of labor necessary to repair, rebuild or replace covered property is not a component of physical depreciation and shall not be subject to depreciation or betterment.*"

///

///

McCATHERN LLP
523 West Sixth Street, Suite 830
Los Angeles, CA 90014
(213) 225-6150

**MOTION**

A plain reading of both the above statute and regulation indicate that any ACV payment made under a property insurance policy should not depreciate sales tax because it is "not a component of physical depreciation".

## III.   LEGAL STANDARD GOVERNING CLASS CERTIFICATION

A representative plaintiff may sue on behalf of a class when the plaintiff affirmatively demonstrates the proposed class meets the four threshold requirements of Federal Rule of Civil Procedure 23(a): numerosity, commonality, typicality, and adequacy of representation. *Comcast Corp. v. Behrend*, 569 U.S. 27, 33 (2013); *Leyva v. Medline Indus. Inc.*, 716 F.3d 510, 512 (9th Cir. 2013). Additionally, a plaintiff seeking certification under Rule 23(b)(3) must demonstrate that "questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3).

A plaintiff seeking class certification bears the burden of affirmatively demonstrating "through evidentiary proof that the class meets the prerequisites of Rule 23(a)." *Comcast Corp.*, *supra*, at 33. In other words, the plaintiff "must be prepared to prove that there are in fact sufficiently numerous parties, common questions of law or fact, etc." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011). Accordingly, "[b]efore certifying a class, the trial court must conduct a

McCATHERN LLP
523 West Sixth Street, Suite 830
Los Angeles, CA 90014
(213) 225-6150

7

**MOTION**

rigorous analysis to determine whether the party seeking certification has met the prerequisites of Rule 23." *Zinser v. Accufix Research Inst., Inc.*, 253 F.3d 1180, 1186 (9th Cir. 2001).

Yet, for practical reasons, district courts have never equated a district court's "rigorous analysis" at the class certification stage with conducting a mini-trial. *Sali v. Corona Reg'l Med. Ctr.*, 909 F.3d 996, 1003–1004 (9th Cir. 2018). District courts "must determine by order whether to certify the action as a class action" at "an early practicable time after a person sues or is sued as a class representative." Fed. R. Civ. P. 23(c)(1)(A). The district court's class certification order, while important, is also preliminary: "An order that grants or denies class certification may be altered or amended before final judgment." Fed. R. Civ. P. 23(c)(1)(C); *In re Zurn Pex Plumbing Prod. Liab. Litig.*, 644 F.3d 604, 613 (8th Cir. 2011) ["A court's inquiry on a motion for class certification is 'tentative,' 'preliminary,' and 'limited'].

Notably, the evidence needed to prove a class's case often lies in a defendant's possession and may be obtained only through discovery. Limiting class-certification-stage proof to admissible evidence risks terminating actions before a putative class may gather crucial admissible evidence. And transforming a preliminary stage into an evidentiary shooting match inhibits an early determination of the best manner to conduct the action. *Sail, supra*, 1004. It follows that an abuse of discretion exists where a "district court limited its analysis of whether" class plaintiffs satisfied a Rule

McCATHERN LLP
523 West Sixth Street, Suite 830
Los Angeles, CA 90014
(213) 225-6150

**MOTION**

23 requirement "to a determination of whether Plaintiffs' evidence on that point was admissible." *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 982 (9th Cir. 2011). As such, a plaintiff does not need to submit admissible evidence in support of class certification. *Sail, supra*, 1004.

## IV.   CLASS CERTIFICATION IS PROPER IN THIS CASE

This action satisfies each class certification requirement under Fed. R. Civ. P. 23. Accordingly, this Court should grant Plaintiff's Motion and certify the putative class.

### A.   Common Questions of Law and Fact Predominate

The requirements of Rule 23(a)(2) have "been construed permissively," and "[a]ll questions of fact and law need not be common to satisfy the rule." *Ellis, supra* at 981. Commonality requires the plaintiff to demonstrate that the class members "have suffered the same injury." *General Telephone Co. of Southwest v. Falcon,* 457 U.S. 147,157 (1982). This does not mean merely that they have all suffered a violation of the same provision of law. That common contention, moreover, must be of such a nature that it is capable of class-wide resolution, which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke. *Wal-Mart Stores, Inc., supra* at 349–350. What matters to class certification for commonality is the capacity of a class-wide

McCATHERN LLP
523 West Sixth Street, Suite 830
Los Angeles, CA 90014
(213) 225-6150

**MOTION**

proceeding to generate common answers apt to drive the resolution of the litigation. *Id*, 350.

Here, the common legal questions are:

(a)     Whether sales tax is a depreciable item under California law. In other words, is Lexington Insurance allowed to depreciate sales on materials in homeowner's insurance claims?

(b)     Whether Lexington Insurance's depreciation of sales tax on materials violates the "unlawful prong" pursuant to Cal. Bus. & Prof. Code §17200?

The common factual questions are:

(a)     By depreciating sales tax on materials, did Lexington Insurance withhold money owed to Plaintiff and the putative class; and

(b)     Whether Lexington Insurance Company's depreciation of sales tax on materials resulted in a windfall of profits that it was not entitled.

Each Lexington Insurance policyholder suffered, and continues to suffer, the exact same injury, i.e. they are not paid the full amount of sales tax on items used to repair or replace damaged items of their property.   This is Lexington Insurance's policy and procedure and affects all its policyholders the same way.   Defendant applies this practice on every homeowner's insurance claim in which coverage is afforded.   All of Defendant's policyholders have suffered the same injury: not being paid the full amount in sales tax on materials used in repair or replacement of

McCATHERN LLP
523 West Sixth Street, Suite 830
Los Angeles, CA 90014
(213) 225-6150

**MOTION**

damaged property.

## B.   The Class is Sufficiently Numerous

A proposed class must be "so numerous that joinder of all members is impracticable." Fed. R. Civ. Pro. 23(a)(1).   While there is no strict number requirement for numerosity, courts have routinely held that classes comprised of more than forty members will satisfy this prerequisite. *Martin v. Sysco Corp.,* 325 F.R.D. 343, 348 (E.D. Cal. 2018) citing *Ikonen v. Hartz Mt. Corp.*, 122 F.R.D. 258, 262 (S.D. Cal. 1988) and *Dunakin v. Quigley*, 99 F.Supp.3d 1297, 1327 (W.D. Wash. 2015).

Here, Lexington Insurance depreciated sales tax on every homeowner's insurance claim.[13] Each claim would be subject to Defendant's policy and practice of depreciating sales tax on materials used in repair or replacement of their properties. This could be estimated to be in the thousands.  As such, joinder of all class members is impracticable.

## C.   Plaintiff's Claims are Typical of the Class

To demonstrate typicality, the plaintiff must show that his claims are typical of the class. Fed. R. Civ. P. 23(a)(3).  The test of typicality "is whether other members have the same or similar injury, whether the action is based on conduct which is not

---

[13] Exh. 1 to Selik Decl., Spinella Depo. p. 45:11-17

McCATHERN LLP
523 West Sixth Street, Suite 830
Los Angeles, CA 90014
(213) 225-6150

11                                    **MOTION**

unique to the named plaintiff, and whether other class members have been injured by the same course of conduct". *Ellis, supra*, 984. Typicality refers to the nature of the claim or defense of the class representative, and not to the specific facts from which it arose or the relief sought. *Id.*

Here, Lexington Insurance was Plaintiff's homeowner's insurance carrier at the time that fire damage occurred to the property. Plaintiff's claims arise from the same policy, procedure and course of conduct by Defendant that underlie the claims of all other class members.[14] Plaintiff's property was damaged by fire.[15] Plaintiff made a claim to Lexington Insurance. Lexington Insurance and Plaintiff agreed to a scope of repair. Lexington Insurance paid the repair amount of $58,913.82.[16] The amount that Lexington Insurance paid was subject to depreciation of sales tax on the materials used to repair the property.[17] Plaintiff's entitlement to recovery rests upon the same facts and legal theories that support all other class members. Accordingly, Plaintiff satisfies the typicality requirement.

///

---

[14] Exh. 1 to Selik Decl., Spinella Depo. p. 45:11-17

[15] It does not matter what type of damage occurred to Lexington Insurance's policyholder's properties because whether water, fire, wind, etc. Lexington admits that it depreciates sales tax on all materials used to repair such properties.

[16] ¶9 to Naouri Decl.

[17] Exh. 2 to Selik Decl.

McCATHERN LLP
523 West Sixth Street, Suite 830
Los Angeles, CA 90014
(213) 225-6150

12

**MOTION**

**D.   Plaintiff and Counsel for Plaintiff will Adequately Represent the Class.**

Adequacy of representation is established where the plaintiff is represented by qualified counsel and the plaintiff's interests are not antagonistic to those of the class. *McGhee v. Bank of America* 60 Cal.App.3d 442, 450-51 (1976).

First, both of Plaintiff's Counsel, Evan Selik and Sahag Majarian have extensive experience in consumer class action litigation, specifically in the insurance industry, as set out in the accompanying declarations.[18]   Such experience meets the legal requirements of being "qualified, experienced, and generally able to conduct the proposed litigation." *Miller v. Woods* 148 Cal.App.3d 862, 874 (1983).

Second, Plaintiff's interests are co-extensive with those of the class.  Plaintiff and the class have each been injured in the same manner and seek the same relief. Plaintiff has agreed to serve as class representative and has retained experienced counsel.   Plaintiff has devoted considerable time to this litigation, including, consulting with his counsel, preparing for (and will sit for) a deposition in the near future, providing a declaration, providing document to Plaintiffs' counsel relevant to this case.  Plaintiff is also prepared to continue to actively participate, demonstrating

---

[18] ¶¶9-10 to Selik Decl.; ¶¶4-5 to Majarian Decl.

McCATHERN LLP
523 West Sixth Street, Suite 830
Los Angeles, CA 90014
(213) 225-6150

**MOTION**

commitment to achieving the best results possible for the class.[19]

### E.   Class Treatment is the Superior Method for Managing this Litigation

In making its class certification decision, the Court must determine that a class action would be superior to alternate means for a fair and efficient adjudication.

If the causes of action may be adjudicated in a single proceeding, thereby saving time, reducing waste, and limiting duplication of effort, class certification is superior to individual litigation. *Vasquez v. Superior Court* 4 Cal.3d 800, 816 (1971). In cases such as this where individual damages may be small, i.e. the return of the depreciated portion of the sales tax, the class action device is the most feasible method of recovery. *Lockheed v. Martin Corp. v. Superior Court,* 29 Cal.4th 1096 at 1131 (2003).   Class actions are suitable "when numerous parties suffer injury of insufficient size to warrant individual action and when denial of class relief would result in unjust advantage to the wrongdoer." *Blue Chip Stamps v. Superior Court* 18 Cal.3d 381, 385 (1976).

In the absence of class-wide adjudication, California consumers/policyholders of Lexington Insurance homeowner's policies will not be compensated for the amount of sales tax Lexington Insurance withheld from their insurers.  The individual

---

[19] ¶7 to Naouri Decl.

McCATHERN LLP
523 West Sixth Street, Suite 830
Los Angeles, CA 90014
(213) 225-6150

14

**MOTION**

wronged policyholder cannot all afford the costs of proving their individual claims. This economic reality results in a windfall for Lexington Insurance. Additionally, litigating this case as a class action is relatively simple.[20]

The superiority of class treatment to other available methods of litigating such claims presented is self-evident. As *all* of the class members were not paid for the full amount of sales tax on materials used, individual pursuit of such claims would not be economically viable. The only alternative to certification would be to force thousands of Defendant's policyholders to join this action, file individual, uniform actions or, as is more likely, to abandon their legal rights altogether. Considering these realities, the inefficiency and injustice that would result from a failure to utilize class procedures in this litigation, both to the parties and the Court, is manifest.

Further, Plaintiff will use identical evidence to prove Lexington Insurance's failure to provide the full amount of sales tax to its policyholders. These circumstances warrant an exercise of this Court's discretion to manage these proceedings on a class-wide basis, and to grant Plaintiff's motion for certification.

Defendant will likely argue that a class-wide trial would be a logistical nightmare, and as such, superiority is not met. However, trial would involve two basic phases: one on liability and one on damages. The deferral of damage

---

[20] *See* Plaintiff's Proposed Trial Plan filed concurrently herewith.

McCATHERN LLP
523 West Sixth Street, Suite 830
Los Angeles, CA 90014
(213) 225-6150

**MOTION**

computation until after liability has been established, thus been recognized as an effective procedure by which to manage class actions. *Rosack v. Volvo of Am. Corp.* 131 Cal.App.3d 741, 762 (1982). The procedure further serves the expeditious litigation of class suits because a trial unencumbered with the details of damage computations provides defendants with fewer opportunities for delay. *Id.* Plaintiff has attached a Proposed Trial Plan to alleviate any concerns this Court might have about a trial in this case.[21]

## V.   CONCLUSION

For the foregoing reasons, the prerequisites of Fed. R. Civ. P. 23 are herein satisfied. Plaintiff respectfully requests that this Court certify the proposed Class.

Date: March 3, 2020

Respectfully Submitted,

McCATHERN LLP

By: _____

EVAN SELIK
Attorney for Plaintiffs,
MAISON D'ARTISTE, individually
and on behalf of other persons similarly
situated

---

[21] *See* Plaintiff's Proposed Trial Plan filed concurrently herewith.

McCATHERN LLP
523 West Sixth Street, Suite 830
Los Angeles, CA 90014
(213) 225-6150

16

**MOTION**

**PROOF OF SERVICE**

1013A(3) C.C.P. Revised 5/1/88
STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is: 523 West Sixth Street, Suite 830, Los Angeles, CA 90014.

On March 4, 2020, the foregoing documents described as:

**NOTICE OF MOTION AND MOTION FOR CLASS CERTIFICATION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPROT THEREOF**
on interested parties in this action by placing ( ) the original (x) a true copy thereof enclosed in a sealed envelope addressed as follows:

Sonia R. Martin
DENTONS US LLP
One Market Plaza
Spear Tower, 24th Floor
San Francisco, CA 94105

[XX]    **(BY MAIL)** I am "readily familiar" with the firm's practice of collection and processing correspondences for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on March 4, 2020 at Los Angeles, California.

(x) (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Krishna K. Anderson

McCATHERN LLP
523 West Sixth Street, Suite 830
Los Angeles, CA 90014
(213) 225-6150

17

**MOTION**