UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-07574-SVW-E | Date | 5/12/2021 |
|---|---|---|---|
| Title | *Maison D'Artiste v. American International Group, Inc. et al.* | | |

Present: The Honorable  STEPHEN V. WILSON, U.S. DISTRICT JUDGE

| Joseph Remigio | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings:** ORDER GRANTING MOTION FOR SUMMARY JUDGMENT [65]

Before the Court is a motion for summary judgment filed by Defendants American International Group, Inc and Lexington Insurance Company. For the reasons stated below, the motion is GRANTED.

As the Court has set forth the factual and procedural background in several prior orders, the Court only briefly summarizes that background as relevant to the instant motion. Dkt. 29, 44, 52, 62.

Plaintiff brings a claim under the Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 et seq., alleging that Defendant wrongfully depreciated sales tax and withheld profit and overhead[1] in paying out insurance benefits. Dkt. 30 ¶¶ 14-23. The Court granted Defendants' motions to dismiss as to Plaintiff's request for injunctive and declaratory relief. Dkt. 29, at 8-9; Dkt. 44, at 2-3. The Court allowed Plaintiff to seek restitution under the UCL but specifically noted that a recovery of restitution must be "based on insurance premiums paid to the Defendants. Dkt. 29, at 7. The Court then twice rejected Plaintiff's motion for class certification because Plaintiff had entirely failed to formulate a remedy consistent with restitution, and a classwide recovery would therefore sweep more broadly than the UCL allows. Dkt. 52, 62 (relying on *Pulaski & Middleman, LLC v. Google, Inc.*, 802 F.3d 979 (9th Cir. 2015) and *Comcast Corp. v. Behrend*, 569 U.S. 27 (2013)).

Defendants now seek summary judgment on the ground that Plaintiff fails to put forth evidence supporting a claim for restitution under the UCL. *See generally* Dkt. 65. The Court previously denied

---

[1] Plaintiff never sought class certification of a separate class on his overhead and profit theory. Dkt. 52, at 2. The Court sees no reason why the overhead and profit claim would be treated differently than the sales tax depreciation theory for purposes of restitution under the UCL.

Initials of Preparer  jre

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:19-cv-07574-SVW-E | Date | 5/12/2021 |
| Title | *Maison D'Artiste v. American International Group, Inc. et al.* | | |

Plaintiff's Rule 56(d) request after determining that Plaintiff had failed to articulate any theory of recovery consistent with restitution, and that additional discovery was inappropriate given the impending trial date and Plaintiff's failure to diligently conduct discovery during the litigation. Dkt. 73.

Summary judgment should be granted where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of . . . [the factual record that] demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party satisfies its initial burden, the non-moving party must demonstrate with admissible evidence that genuine issues of material fact exist. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) ("When the moving party has carried its burden under Rule 56 . . . its opponent must do more than simply show that there is some metaphysical doubt as to the material facts.").

A material fact for purposes of summary judgment is one that "might affect the outcome of the suit" under applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine issue of material fact exists where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

Although the Court has described the limits of restitution under the UCL in its prior orders, the Court briefly reiterates those limitations here. "[A]n action under the UCL 'is not an all-purpose substitute for a tort or contract action.'" *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1150 (2003) (quoting *Cortez v. Purolator Air Filtration Prods. Co.*, 23 Cal. 4th 163, 173 (2000)). Because "a UCL action is equitable in nature, damages cannot be recovered, and prevailing plaintiffs are generally limited to injunctive relief and restitution." *Id.* at 1144 (cleaned up). When a plaintiff obtains value from the defendant, the appropriate amount of restitution is ordinarily calculated as the "difference between the price paid and actual value received." *In re Tobacco Cases II*, 240 Cal. App. 4th 779, 792 (2015); *see also Pulaski & Middleman, LLC v. Google, Inc.*, 802 F.3d 979, 988 (9th Cir. 2015) ("Restitution is 'the return of the excess of what the plaintiff gave the defendant over the value of what the plaintiff received.'" (quoting *Cortez*, 23 Cal. 4th at 174)).

In limited circumstances, restitution under the UCL may extend to the return of wrongfully acquired property. *See Cortez*, 23 Cal. 4th at 177 ("[O]rders for payment of wages unlawfully withheld from an employee are ... a restitutionary remedy [because] earned wages that are due and payable

| | : | |
|---|---|---|
| Initials of Preparer | jre | |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-07574-SVW-E | Date | 5/12/2021 |
|---|---|---|---|
| Title | *Maison D'Artiste v. American International Group, Inc. et al.* | | |

pursuant to section 200 et seq. of the Labor Code are as much the property of the employee who has given his or her labor to the employer in exchange for that property as is property a person surrenders through an unfair business practice."). However, to recover restitution, the plaintiff must have an ownership or vested interest in the property. *See Korea Supply Co.*, 29 Cal. 4th at 1149-50.

Courts have held that insureds lack the requisite property interest in wrongfully withheld insurance benefits to recover benefits as restitution under the UCL. *See Cecena v. Allstate Ins. Co.*, 358 F. App'x 798, 800 (9th Cir. 2009) ("The Cecenas do not have a property interest in any money that should have been paid to them by Allstate under their policy but wasn't and so are not entitled to restitution."); *Sheahan v. State Farm Gen. Ins. Co.*, 394 F. Supp. 3d 997, 1006-07 (N.D. Cal. 2019); *Dobbel v. Liberty Ins. Corp.*, 2018 WL 3495661, at *5 (E.D. Cal. 2018) ("[T]he FAC seeks to enforce Defendants' obligation under the relevant insurance policy to pay amounts allegedly owed to Plaintiffs. These amounts are damages, not restitution."); *Stars and Bars, LLC v. Travelers Cas. Ins. Co. of Am.*, 2016 WL 9414093, at *3 (C.D. Cal. 2016) ("Permitting Stars and Bars to recover money owed under a commercial property insurance contract under the theory of restitution could swallow the rule that the UCL does not allow recovery of compensatory damages.").

A plaintiff's claim for restitution under the UCL must be supported by evidence. *See Colgan v. Leatherman Tool Grp., Inc.*, 135 Cal. App. 4th 663, 698 (2006) ("[R]estitution ... must be of a measurable amount to restore to the plaintiff what has been acquired by violation of the statutes, and that measurable amount must be supported by evidence."). Accordingly, a district court may enter summary judgment in favor of Defendants on a UCL claim where no evidence supports a recovery consistent with the limits of restitution under the UCL. *See, e.g., Chowning v. Kohl's Dep't Stores, Inc.*, 733 F. App'x 404, 405-06 (9th Cir. 2018); *Shanks v. Jarrow Formulas, Inc.*, 2019 WL 7905745, at *3-*4 (C.D. Cal. 2019); *Quigley v. Am. Claims Servs., Inc.*, 2015 WL 1258563, at *6-*7 (E.D. Cal. 2015); *Ahussain v. GNC Franchising, LLC*, 2009 WL 10672353, at *4 (C.D. Cal. 2009).

Plaintiff's opposition appears to argue that Defendants failed to establish that Plaintiff lacks evidence supporting restitutionary relief. To carry its initial burden on summary judgment, a moving party without the ultimate burden of persuasion on an issue at trial may "show that the nonmoving party does not have enough evidence of an essential element of its claim ... to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Ltd.*, 210 F.3d 1099, 1106 (9th Cir. 2000). Defendants described Plaintiff's responses to interrogatories and witness disclosures and

| | : | |
|---|---|---|
| | Initials of Preparer | jre |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-07574-SVW-E | Date | 5/12/2021 |
|---|---|---|---|
| Title | *Maison D'Artiste v. American International Group, Inc. et al.* | | |

argued that Plaintiff had not identified any evidence supporting a restitutionary recovery. Plaintiff argues that its discovery submissions were made under the assumption that Plaintiff could obtain an amount similar to ordinary contract damages. Whatever Plaintiff's assumptions about the law at the time, its discovery submissions indicated that it did not intend to offer evidence that would support a proper restitutionary recovery. Accordingly, the Court concludes that Defendants met their burden to point to an absence of evidence on an essential element of Plaintiff's UCL claim.

Plaintiff only points to the following pieces of evidence in opposition to summary judgment. Dkt. 78, at 7. First, Plaintiff provides excerpts from the transcript of a deposition, in which Plaintiff's owner confirmed that $862.06 was listed on a document provided by Defendants and was labeled as "recoverable depreciation." Declaration of Evan Selik, Ex. 1, at 9-10. The relevant document was a settlement statement, awarding Plaintiff $58,913.82 in benefits, and explaining that "[i]f there is an amount listed for Recoverable Depreciation, you may apply to receive this recoverable depreciation upon completion of repairs." *Id.* at 13. Second, Plaintiff refers to the policy itself, which states that the annual premium is $3,157.35. Dkt. 49-2, at 19.

None of this evidence supports a theory of recovery consistent with the legal concept of restitution. As explained above, as a matter of law, Plaintiff cannot recover as restitution under the UCL the $862.06 in alleged wrongful depreciation. Plaintiff must therefore provide evidence of the reduced value of his coverage relative to the premiums that he paid. *See Chowning*, 733 F. App'x at 406 ("Restitution requires that the 'value of what the plaintiff received' was less than what the 'plaintiff paid. Without evidence of the 'value ... received,' that calculation is impossible."). Instead of providing evidence supporting the value received from the policy, Plaintiff asserts that "the value of the actual policy due to Defendant's violation of the insurance code is $862.06." Dkt. 78, at 7. That would mean the amount of restitution to which Plaintiff is entitled, calculated as the difference between the amount paid and value received, is $2,295.29, which would represent two-thirds of the value of a policy under which he recovered tens of thousands of dollars in benefits and would vastly exceed the wrongful depreciation about which Plaintiff complains. There can be therefore be no genuine dispute that $862.06 was not the actual of value of the policy to Plaintiff. Plaintiff may mean that the value of the policy was *reduced by* $862.06, but that is precisely the breach of contract damages amount that is

| | : |
|---|---|
| Initials of Preparer | jre |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-07574-SVW-E | Date | 5/12/2021 |
|---|---|---|---|
| Title | *Maison D'Artiste v. American International Group, Inc. et al.* | | |

precluded by the UCL. *See Korea Supply Co.*, 29 Cal. 4th at 1150 ("[I]t is well established that individuals may not recover damages [under the UCL].").[2]

Because Plaintiff has failed to provide any evidence from which the actual value received under Defendants' policy can be calculated, no reasonable finder of fact could determine at trial that Plaintiff is entitled to restitution under the UCL. *See Chowning*, 733 F. App'x at 406.

For the foregoing reasons, Defendants' motion for summary judgment is GRANTED. The bench trial and pre-trial conference are accordingly vacated.

IT IS SO ORDERED.

---

[2] Defendants point out that the $862.06 amount is the total depreciation rather than simply the sales tax depreciation. For this independent reason, Plaintiff has failed to offer evidence that would support a restitutionary remedy consistent with Plaintiff's theory of liability.

Initials of Preparer   jre